**THOMAS R. SUOZZI**
**County Executive**



**LORNA B. GOODMAN**
**County Attorney**

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
Ralph G. Caso Executive and Legislative Building
One West Street
Mineola, New York 11501-4820
516-571-3056
FAX:  516-571-3058

May 10, 2006

*VIA ECF*

Honorable Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722-9014

            Re:    Dela Raba, et al. v. Suozzi and the County of Nassau
                   CV-06-1109 (DRH) (AKT)

Dear Judge Hurley:

      This office represents the defendants in the above referenced action. We are writing to request the Court's permission for leave to file a motion to disqualify plaintiffs' counsel, Emery Celli Brinckerhoff & Abady, LLP ("Emery firm") and Greenberg Burzichelli Greenberg, P.C. ("Greenberg firm"). Defendants seek to disqualify plaintiffs' counsel based on the hiring of the former Director of Nassau County's Office of Labor Relations, David Greene ("Greene"), by the Greenberg firm. Defendants believe that privileged communications have been disclosed to plaintiffs' counsel by Greene thereby providing the plaintiffs with an unfair advantage in this litigation.

      This action arises from a labor dispute between the parties regarding the payment of overtime and off-duty supplements to the plaintiffs, members of the Nassau County Police Department and the Police Benevolent Association ("PBA"), a labor union. In November 2005, the County terminated overtime and off-duty supplements which were being paid to the plaintiffs as a result of a labor arbitration. In March 2006, shortly after Greene was hired by the Greenberg firm, plaintiffs commenced this action claiming that the defendants' decision to discontinue the overtime and off-duty supplements was in violation of the First and Fourteenth Amendments of the United States Constitution. *See Exhibit A, Compl.*

In or about January 2006, the Greenberg firm hired Greene as a "political consultant." Prior to that, Greene was employed by Nassau County as the Director of Nassau County's Office of Labor Relations ("OLR"), from April 2002 until December 2005. Plaintiffs' counsel was certainly aware of Greene's former position with the County before he was hired since members of the Greenberg firm represented the PBA in numerous labor disputes during Greene's tenure as Director of OLR. While employed by OLR, Greene personally conducted the December 2004 arbitration at which the off-duty supplements at issue in this case were awarded. He also participated in the discussions leading to the cessation of the payments in November 2005. These discussions were with members of the Nassau County Executive staff and various attorneys for the County and concerned factual and legal strategies in connection with the issues in this case.

Greene's direct involvement in the instant dispute between the parties is further evidenced by plaintiffs' Complaint which identifies Greene as the individual who discussed and met with plaintiff Gary Dela Raba on pertinent issues while Greene was still employed as the Director of OLR. *See Exhibit A, Compl. ¶ 37.* Although Greene is not a lawyer, he was directly involved in privileged communications concerning the matters addressed in the complaint and presumably passed this information on to the Greenberg firm, as well as the Emery firm. As co-counsel for plaintiffs, both firms are in a position to receive relevant privileged material relayed to Greene while he was working for Nassau County. It is therefore respectfully requested that both firms be disqualified as counsel for the plaintiffs.

Disqualification is appropriate when an attorney has put himself in a position to use privileged information that belongs to an adverse party. *Best Western International, Inc. v. CSI International Corp.*, 1995 U.S. Dist. LEXIS 12314, at *3 (S.D.N.Y. 1995), citing *Board of Ed. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). Conduct that merely suggests that one side might enjoy the disclosure of confidential information may warrant disqualification. *See Hull v. Celanese Corp.*, 513 F.2d 568, 572 (2d Cir. 1975). Furthermore, "any doubt is to be resolved in favor of disqualification." *Id.* at 571.

Disqualification is appropriate here because both of the firms representing plaintiffs are in a position to obtain and use privileged information relayed to them by Greene. It cannot be disputed that Greene possesses privileged information regarding this litigation. Moreover, it can be presumed that Greene did in fact disclose that information not only to the Greenberg firm that hired him, but to the Emery firm as well. *See Hull v. Celanese Corp.*, 513 F.2d at 572. Even in the absence of a showing that confidences have actually been disclosed or will be disclosed, the presumption of potentially improper disclosure is sufficient. *NCK v. Bregman Ltd.,* 542 F.2d 128, 134 (2d Cir. 1976). The fact of Greene's employment alone gives the appearance of impropriety and suggests that plaintiffs' two law firms possess an unjust advantage in this litigation. Where two firms are working closely to represent a common client, the same conclusion can be drawn with respect to both firms. *See The Fund of Funds, Ltd. v. Arthur Anderson & Co.*, 567 F.2d 225, 236 (2d Cir. 1977).

It is further submitted that the Court has discretion to "enforce the lawyer's duty to absolute fidelity and to guard against the danger of inadvertent use of confidential information" pertaining to his adversary's trial preparation and tactics. *See Hull v. Celanese Corp.*, 513 F.2d at 571 quoting *Ceramco Inc. v. Lee Pharmaceuticals*, 510 F.2d 268, 271 (2d Cir. 1975). The Code of Professional Responsibility, although not formally adopted by the district courts, has consistently been relied upon by the courts in the

Second Circuit in evaluating the ethical conduct of attorneys. *See, e.g.*, *General Motors Corp. v. City of New York*, 501 F.2d 639 (2d Cir. 1974); *Emle Industries, Inc. v. Patentex, Inc.,* 478 F.2d 562 (2d Cir. 1973); *Handelman v. Weiss*, 368 F.Supp. 258 (S.D.N.Y. 1973). Canon 9 of the Code of Professional Responsibility states: "A lawyer should avoid even the appearance of professional impropriety."

Accordingly, it is respectfully requested that the Court grant the defendants leave to file a motion to disqualify plaintiffs' counsel in the instant matter.

Respectfully submitted,

_____/s/_____
Esther Miller (EM 2416)
Deputy County Attorney

cc:

Emery Celli Brinkerhoff & Abady, LLP
Attorneys for Plaintiff
545 Madison Avenue
New York, New York 10022

Greenberg Burzichelli Greenberg, P.C.
Attorneys for Plaintiff
3000 Marcus Avenue, Suite 1W7
Lake Success, New York 11042