UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY DELA RABA, JAMES CARVER,
KEVIN TOBIN, WAYNE HARTMANN,
JOSEPH FAILLA and JAMES McDERMOTT,

                       Plaintiffs,

          - against -

**ORDER**

CV 06-1109 (DRH) (AKT)

THOMAS R. SUOZZI and the COUNTY OF
NASSAU,

                       Defendants.
------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      This Order is directed to several letter motions filed by the parties. Defendants move to compel the production of Plaintiffs' 2000-2006 income tax returns. [DE 99] Plaintiffs oppose the motion on the grounds that Plaintiffs' tax returns would reveal personal and private information that is not relevant to Plaintiffs' claims in the litigation that Defendants retaliated against them on the basis of their outspoken opposition to Defendant Suozzi's policies and their endorsement of Defendant Suozzi's opponent in the last election. [DE 101] In DE 101, Plaintiffs also request that the Court review *in camera* four pages of undated notes authored by Deputy County Executive Timothy Driscoll, which are referenced on a supplemental privilege log received by Plaintiffs on January 3, 2007. Defendants and Plaintiffs also submitted additional letters dated January 8, 2007 [DE 102 and 103] discussing these issues. In addition, Defendants' counsel requests an extension of time to respond to Plaintiffs' December 5, 2006 motion from noon tomorrow until 6 p.m. These issues are addressed in turn below.

Although tax returns are not privileged, courts have been reluctant to order their routine disclosure in the course of discovery. *See S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545 (S.D.N.Y. 1985); *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979). "The decision to disclose the returns involves a balancing of the policy of liberal discovery against the policy of maintaining the confidentiality of tax returns." *Cymaticolor Corp.*, 106 F.R.D. at 547 (citing *Sharp v. Coopers & Lybrand*, 83 F.R.D. 343, 352 (E.D. Pa. 1979)). The test set forth in *Smith v. Bader* establishes that in order for the court to order disclosure of tax returns, two conditions must be satisfied: (1) the court must find that the returns are relevant to the subject matter of the action; and (2) there there is a compelling need for the returns because the information contained in them is not otherwise readily obtainable. *Bader,* 83 F.R.D. at 438.

Here, Defendants seek production of Plaintiffs' tax returns in order to obtain information to support its contention that the arbitration award "constituted an improper gift of public funds." [DE 99] Defendants further claim that the returns are needed "to determine whether [Plaintiffs] had any additional sources of income, despite their being compensated for 'lost opportunities' and 'lost overtime' in the arbitration awards at issue in this case." *Id.* According to Defendants, such information is also relevant to an "unclean hands" defense, although I note that no such affirmative defense is raised in Defendants' Answer. Finally, Defendants assert that Plaintiffs have put their financial status at issue by bringing suit to recoup lost arbitration payments. *Id.*

Plaintiffs, however, argue that the tax returns are not relevant and that the Defendants know precisely the amount of money "Plaintiffs had been receiving pursuant to the arbitration awards and, therefore, the loss caused by Defendants' retaliatory conduct." [DE 101] Further, Plaintiffs note that since the sum is uncontested, there is no legitimate reason to reveal personal

and private information such as Plaintiffs' personal assets, investments and/or spousal income." *Id.* Surely, Defendants do not dispute that they know the amount of money involved herein as it relates to the terminated supplements. On the other hand, at paragraphs 65 and 69 of the Complaint, Plaintiffs assert that they "have individually suffered and continue to suffer actual damages, in forms including but not limited to lost income, lost future earnings, pension reductions and mental anguish, pain and suffering" for which they seek compensatory and punitive damages. Given those assertions, I find the financial information to be marginally relevant.

Notwithstanding this finding, the Defendants must establish a compelling need for the returns owing to the fact that the information is not otherwise readily obtainable. Based on the submissions, I find that the Defendants have not made such a showing at this time. There is no suggestion that Defendants have attempted to obtain the information through the use of any other, less intrusive discovery device. *See Russell v. Del Vecchio*, 764 F. Supp. 275, 276 (E.D.N.Y. 1991). For example, I note that only limited depositions have yet been taken in this case, and to the Court's knowledge, no Plaintiffs have yet been deposed. The Defendants are free to address questions concerning Plaintiffs' claims of lost income and lost future earnings as well as questions pertinent to Plaintiffs' income for the period at issue during the examination of these witnesses. Given the fact that Defendants' do not appear to have attempted to gain the information by way of other means, at this stage of the proceedings, I will not require the Plaintiffs to produce their personal income tax returns. However, this ruling is without prejudice to Defendants' renewing their motion at the appropriate time, if warranted, and if the Defendants are in a position to meet the threshold test of *Smith v. Bader* once discovery is otherwise

3

concluded.

With regard to Plaintiffs' request that I review the additional item on the supplemental privilege log *in camera,* I believe that this is an issue which should have been addressed by the parties before the issue was raised with the Court. Although Plaintiffs see this issue as a "continuation" or the previous issue concerning Defendants' assertion of privilege, it is my determination that the parties should have taken the opportunity to confer, which I am now directing them to do. If the issue cannot be resolved, Plaintiffs can make the appropriate letter motion to address this item.

Having reviewed and considered all of the foregoing submissions, it is hereby

ORDERED, that Defendants' motion to compel the production of Plaintiffs' income tax returns is DENIED, with leave to renew once discovery is otherwise completed, if warranted, in compliance with the terms of this Order; and it is further

ORDERED, that the parties are directed to confer in good faith regarding Defendants' supplemental privilege log. If the parties cannot resolve their issues upon doing so, Plaintiffs may make the appropriate letter motion to the Court; and it is further

ORDERED, that Defendants' request for an extension of time to respond to Plaintiffs' December 5 motion is GRANTED to the extent that Defendants' response must be filed no later than 4:30 p.m. on January 10, 2007.

**SO ORDERED.**

Dated: Central Islip, New York
January 9, 2007

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge